IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ASTLEY LLOYD PINNOCK  . | ) | CASE NO. 4:10CV0689 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| JOHN T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Astley Lloyd Pinnock ("Pinnock"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He was convicted of conspiracy to distribute and possess with intent to distribute marijuana in violation of 18 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) in the United States District Court for the Eastern District of Virginia. Pinnock does not include the sentence imposed but a term of supervised release must have been included since its constitutionality is the issue rased in his Petition.

Pinnock asserts that his sentence that included a term of supervised release is in violation of the Fifth and Sixth Amendments. In his Memorandum in Support of his Application, he states that sentences are limited to terms of probation, fines or imprisonment and supervised release is not intended to be executed as part of the sentence. Imposition of supervised release therefore constitutes double jeopardy.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death

Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment

recommended by the Judicial Conference in 1948, and thus currently provides in the fifth paragraph,

that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge

their convictions or imposition of their sentence shall be filed in the sentencing court under 28

U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*,

972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and

that claims seeking to challenge the execution or manner in which the sentence is served shall be

filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi

v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893

(6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy

afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed

under § 2255. *See Bradshaw*, 86 F.3d at 166.

While § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim

challenging his conviction or imposition of sentence, if it appears that the remedy afforded under

§ 2255 is "inadequate or ineffective to test the legality of his detention," *accord United States v.

Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997), that exception

does not apply here. It is beyond question that § 2255 is not inadequate or ineffective merely

because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*,

180 F.3d 753, 756 (6th Cir. 1999) (per curiam). Thus, the § 2255 remedy is not considered inadequate or ineffective, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), *cert. denied*, 488 U.S. 982 (1988), because the Petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the Petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

No matter how he characterizes it, it is clear that Pinnock is challenging the imposition of his sentence, not the execution of or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). None of his grounds for relief pertain to the execution of his sentence; but instead, contain claims that his supervised release be declared an invalid sentence. As stated above, except in limited circumstances not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi,*135 F.3d at 1123). There is no indication that a § 2255 motion is either inadequate or ineffective to test the legality of his detention, and, thus, no grounds to allow an action under § 2241 action. This is a § 2255 Motion that should be filed in the United States District Court for the Eastern District of Virginia. Whether there may be some impediment to that court hearing this case is not for this Court to decide.

Petitioner would not be entitled to a writ of habeas corpus even if this § 2241 action was

appropriate. The Sixth Circuit has recently determined the issues raised in this Petition. 28 U.S.C.

§ 3583(a) provides:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

In *United States v. Johnson*, 356 Fed.Appx. 785, 788 (6th Cir. 2009), Johnson argued  that "the

supervised-release regime of 18 U.S.C. § 3583 and Fed. R. Crim. P. 32.1(b) violates both the Fifth

and Sixth Amendments to the United States Constitution.[1]   Johnson contended the supervised-

release provisions are contrary to the Supreme Court's decisions in *Blakely v. Washington,* 542 U.S.

296 (2004), and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), as affirmed in *United States v.

Booker,* 543 U.S. 220 (2005), because they authorize the imposition of a prison sentence above that

permitted by the initial fact of conviction and one based solely on judicial fact finding by the

preponderance of the evidence. *Id*. at 790.  The sixth Circuit stated:

> Every circuit court to confront the issue, however, has concluded that 18 U.S.C. § 3583 remains constitutional as applied in the context of supervised-release revocation, albeit on varying grounds. *See, e.g., United States v. Carlton,* 442 F.3d 802, 807 (2d Cir.2006); *United States v. Dees,* 467 F.3d 847, 853 (3d Cir.2006), *cert. denied,* 552 U.S. 830, 128 S.Ct. 52, 169 L.Ed.2d 45 (2007); *United States v. Faulks,* 195 Fed.Appx. 196, 198 (4th Cir.2006) (unpublished), *cert. denied,* 552 U.S. 809, 128 S.Ct. 38, 169 L.Ed.2d 10 (2007); *United States v. Huerta-Pimental,* 445 F.3d 1220, 1225 (9th Cir.), *cert. denied,* 549 U.S. 1014, 127 S.Ct. 545, 166 L.Ed.2d 403 (2006); *United States v. Cordova,* 461 F.3d 1184, 1186-88 (10th Cir.2006); *United States v. Hinson,* 429 F.3d 114, 119 (5th Cir.2005), *cert. denied,* 547 U.S. 1083, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006); *791 *United States v. Work,* 409 F.3d 484, 491 (1st Cir.2005); *United States v. Coleman,* 404 F.3d 1103, 1104 (8th Cir.2005). We join these circuits in concluding that 18 U.S.C. § 3583 and Federal Rule of Criminal

---

[1] Fed. R. Crim. P. 32.1(b) provides a hearing for revocation of supervised release.

4

Procedure 32.1 remain constitutional.

*Id*. at 790-91. The drug offenses set forth in 21 U.S.C. § 841 *et seq*. provide for a term of supervised release. Petitioner had been convicted of a drug offense and was not subjected to further prosecution when sentenced. *Id. at 788. See Morrissey v. Brewer,* 408 U.S. 471, 489 (1972). Supervised release was part of the original sentence under the authority of the drug statutes and §3583.

Furthermore, imposition of a term of supervised release does not violate the Double Jeopardy Clause of the Fifth Amendment. *Terry v. United States*, 1994 WL 637722 * 1 (6th Cir. Nov. 10, 1994). The Sixth Circuit determined that supervised release can be imposed in addition to a term of imprisonment. *Id.*

Accordingly, this action is dismissed. *See* 28 U.S.C. § 2243.[2]  The Court finds that Pinnock has not made a substantial showing of the denial of a constitutional right and declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED**.**

Dated: July 14, 2010                          *s/      James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.